**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SIRON EDWARDS, | ) | CASE NO.: 15 B 07497 |
| | ) | |
| Debtor(s) | ) | CHAPTER 13 |
| ------------------------------------------------- | ) | JUDGE: SCHMETTERER |
| | ) | |
| SIRON EDWARDS, | ) | |
| Plaintiff(s) | ) | Adversary No.: |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, A NATIONAL | ) | |
| ASSOCIATION as TRUSTEE UNDER THE | ) | |
| POOLING AND SERVICING AGREEMENT | ) | |
| DATED AS OF NOVEMBER 1, 2006, | ) | |
| FREMONT HOME LOAN TRUST 2006-D | ) | |
| ITS SUCCESSORS AND/ASSIGNS and | ) | |
| OCWEN LOAN SERVICING | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE SECURED STATUS**
**PURSUANT TO 11 U.S.C. § 506 OF REAL TIME RESOLUTIONS, INC.**

NOW, comes the Debtor(s), SIRON EDWARDS, (hereinafter the "Debtors"), in the above-captioned bankruptcy by and through his attorney, Law Offices of Glenda J. Gray, to Determine the Secured Status pursuant to 11 U.S.C. § 506, and complains as follows:

1. The Debtor filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on March 3, 2015.

2. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as Nominee for FREMONT INVESTMENT & LOAN Corporation, (hereinafter, "MERS") was the original mortgagee. On or about August 19, 2008 said mortgage was assigned and/or sold to HSBC BANK USA, A NATIONAL ASSOCIATION as TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, FREMONT HOME LOAN TRUST 2006-D (hereinafter "HSBC"), its Successors and Assigns. HSBC's corporate offices are located at 1800 Tysons

Blvd. Mc Lean, VA 22101. Said loan is being serviced by Ocwen Loan Servicing. It is/was a lending institution having a mailing address of 1661 Worthington Road – Ste 100, West Palm Beach, FL 33409.

3. The subject property is commonly known as 4314 West Van Buren, Chicago, IL 60624, having a parcel identification number of 16-15-220-039-000 and legally described as:

LOT 19 IN BLACK 6 IN GUNDERSON AND GAUGER'S ADDITION TO CHICAGO, BEING A SUBDIVISION OF LOTS 1 AND 6 IN EACH OF BLOCKS 1,2,3,4 AND LOTS 1,2,5 AND 6 IN EACH OF BLOCKS 5, 6, 7 AND 8 IN PARTITION OF THE WEST HALF OF THE NORTHEAST QUARTER AND THAT PART NORTH OF BARRY POINT ROAD OF THE WEST HALF OF THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION15, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

(Hereinafter referred to as the "Subject Property".)

4. The Real Property is the Debtor's income property and/or 2nd residence.

5. The Debtor is indebted to certain creditors holding mortgage liens against the Real Property as follows:

| Name of Mortgagee/lien holder | Date of lien | Amount |
|---|---|---|
| • **HSBC** | **8/30/2006** | **$244,000.00** |

**Background**

6. The Debtor, SIRON EDWARDS purchased the Subject Property on August 30, 2006 by a Warranty Deed recorded on January 30, 2007, as document number 0703011010 in the Cook County Recorder of Deeds' Office (hereinafter referred to as the "Recorder of Deeds"). (Please refer to Exhibit "A" Warranty Deed, attached hereto, incorporated herein and made part hereof.) Debtor obtained said property by securing a first and second mortgage. Said second mortgage was forgiven

7. The first mortgage with MERS was recorded as document numbered 0703011011 on January 30, 2007; was assigned by document numbered 0825247019. Said first mortgage was assigned to "HSBC" on or about August 19, 2008; the assignment was recorded on September 8, 2008 and known as document number 0825247019. (Please refer to Exhibits "B" and "C", respectively attached hereto, incorporated herein and made part hereof.)

8. Due to the declining economy the value of the Debtor's property declined in value.

9. The Debtor has obtained a valuation of the subject property and said valuation valued the property at $29,500.00 per an actual appraisal from a certified licensed appraiser on October 1, 2015. (See page 3 of the certified appraisal attached hereto, incorporated herein and made a part hereof as Exhibit "D" to this Adversary Complaint.)

10. Subject property is not the Debtor's principal place of residence.

11. Previously a servicing agent for the mortgagee agreed to sell the property or settle the debt for $25,000.00. Neither HSBC nor any of its agents has filed a claim or an appearance in the underlying bankruptcy.

12. The first mortgage is under secured since the value of the subject property has drastically decreased due to the current market value of Debtors' property.

**Determination of Secured Status**

13. Bankruptcy Code § 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in Which the estate has an interest…is a secured claim to the extent Of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest …is less than the amount of such allowed claim.

11 U.S.C. § 506(A).

14. Consistent with Bankruptcy Code § 506(a) and the decision of the Third Circuit Court of Appeals in the case of In Re McDonald, 205 F.3d 606 (3rd Cir. 2000), the mortgage held by CitiFinancial Services, Inc. having a payoff of $14,681.85 is wholly under secured relative to the Subject Property, CitiFinancial Services Inc., not in any respect a holder of a claim secured by the Debtor's residence and, as such, holds only an unsecured claim as to the mortgage claim. (See McDonald at p. 612) (See copy of claim filed by CitiFinancial Services, Inc. attached as Exhibit C,) See McDonald at p.612.)

15. 11U.S.C.Section 506 governs definition and treatment of secured claims. It provides that a claim is secured only to the extent of the value f the property upon which the lien is fixed and the remainder of the claim is unsecured. *United States v. Ron Pair Enterprises,* 440 U.S. 48, 54-55, 99 S.Ct.914, 918, 59 L.Ed.2d 136 (1993).

16. The 7th Circuit recently affirmed this principle in In Re Ryan 2013 WL 3380131 (7TH Cir. 2013) "Section 506(a) of the Bankruptcy Code separates loans into secured and unsecured portions. [T]he bankruptcy judge first determines the market value of the collateral. ... [a]nd [t]he creditor's claim is treated as a secured claim to the extent of that value. If the value is less than the unpaid balance of the secured loan, the difference is considered an unsecured claim of the creditor." (Citations omitted)

17. Based upon the current valuation of Debtor's property and the balance owed on the Debtors' first mortgage held by "HSBC" the debt is partially secured. Partially unsecured mortgages claims may be bifurcated, thereby paying the secured value fully and the balance as an unsecured stripping off the balance of the unsecured mortgage holder.

18. Since the property is not the Debtor's primary residence, the Debtor may modify HSBC's secured claim in the amount of $216,038.00.

WHEREFORE, the Debtor, SIRON EDWARDS respectfully request that this Honorable Court enter an Order:

(i) A judgment determining the value of 4314 West Van Buren is $25,000.00;

(ii) A judgment in Debtors' favor finding that the "first mortgage" held by HSBC, said loan being serviced by Ocwen Loan Servicing and obtained on August 30, 2006 in the amount of at least $241,038.00 be declared under secured and that the balance owed in an amount in excess of $25,000.00 on the Debtor's secondary/income property located at 4314 West Van Buren, Chicago, IL 60624 in accordance with the findings herein is unsecured; and

(iii) Granting any other relief deemed necessary, equitable and just.

Respectfully submitted,

SIRON EDWARDS

By: /s/ Glenda J. Gray
One of his Attorney(s)

Glenda J. Gray
Attorney for Debtor
LAW OFFICES OF GLENDA J. GRAY
223 West Jackson Blvd., Suite 1116
Chicago, Illinois 60606
(312) 386-1010